FILED
8/30/2024 9:13 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

**CAUSE NO.** DC-24-14660

| | | |
|---|---|---|
| **LELANI RUSSELL** | § | **IN THE** 160th **DISTRICT COURT** |
| ***Plaintiff,*** | § | |
| | § | |
| **vs.** | § | **OF** |
| | § | |
| **CVS PHARMACY, INC** | § | |
| ***Defendant*** | § | **DALLAS COUNTY** |

**PLAINTIFF'S ORIGINAL PETITION**

To the Honorable Judge of Said Court:

**COMES NOW,** Plaintiff, LELANI RUSSELL and complains of Defendant, CVS PHARMACY, INC. and would respectfully show as follows:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 2 pursuant to TEX. R. CIV. P. 190.4.

**PARTIES**

2. Plaintiff Lelani Russell is an individual resident of Dallas County, Texas and may be served by and through undersigned counsel.

3. Defendant CVS PHARMACY, INC is a Rhode Island corporation which owns and operates pharmacy locations throughout the United States and may be served by and through its registered service agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

**JURISDICTION**

4. The subject matter in controversy is within the jurisdiction of this Court and the damages sought are within the jurisdiction limits of this Court. Plaintiff seeks monetary relief of $250,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## VENUE

5. Venue for this cause of action is proper in Dallas County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE ANN. 15.002 because all or a substantial part of the acts or omissions giving rise to the claim occurred in Dallas County. The Defendant store where the incident occurred is located in Dallas County.

## STATEMENT OF THE FACTS

6. On or about August 30, 2022. Plaintiff visited a CVS Pharmacy located at 3430 Lakeview Parkway, Rowlette, Texas 75088 to purchase medication for her ill son. She was reaching for the medicine when a portion of the ceiling fell on top of her. Russell was injured and was transported by ambulance to the closest emergency room.

7. Russell sustained serious bodily injuries. Russell's injuries and damages are a direct result of the unreasonably dangerous condition created by Defendant and/or its agents, servants, and/or employees and/or in the exercise of ordinary care that Defendant should have known existed. Notably, there were no warning signs nearby to alert Plaintiff about the dangerous condition.

8. It was the Defendant's negligence, gross negligence and negligence *per se*, which was the proximate cause of Plaintiff's personal injuries and damages.

## CAUSES OF ACTION

### A. NEGLIGENCE

9. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

10. At the time of Plaintiff's injuries, Defendant, its employees and/or assigns operated its store location negligently. Specifically, Defendant had a duty to exercise ordinary care and operate its reasonably and prudently. Defendant breached that duty in one or more of the following respects:

a. Failing to maintain the store premises in a manner that a business owner of ordinary prudence would have kept under the same or similar circumstances;

b. Failing to exercise reasonable care to reduce or eliminate the dangerous condition;

c. Failed to exercise reasonable care to avoid a foreseeable risk of injury;

d. Failed to properly train and supervise their employees;

e. Failed to provide a reasonably safe environment for invitees;

f. Failed to give adequate warning to invitees;

g. Failed to inspect the ceiling for hazardous conditions, including loose and/or damaged ceiling tiles, that may cause injury; and

h. Other acts so deemed negligent.

11. As a result of Defendant's negligence, Plaintiff suffered severe physical injuries, for which she is entitled to recover monetary damages.

12. Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiff sustaining injuries and damages that are described below.

## B. PREMISES LIABILITY

13. Defendant owned, occupied, and/or controlled the pharmacy store where Plaintiff was injured. The construction and/or condition of the ceiling tiles posed an unreasonable risk of harm, and Defendant had actual knowledge or reasonably should have known of the unreasonably dangerous condition. Moreover, Plaintiff did not have actual knowledge of the unreasonably dangerous condition.

14. Plaintiff was an invitee who entered Defendant's store with Defendant's knowledge and for Defendant's benefit. Defendant had a duty to either warn Plaintiff of the unreasonably dangerous condition and/or to make the unreasonably dangerous condition reasonably safe. Defendant breached its duty by failing to warn Plaintiff of the unreasonably dangerous condition and/or by failing to make the unreasonably dangerous condition reasonably safe.

15. Defendant's breach of its duties proximately caused Plaintiff's injuries and damages.

## GROSS NEGLIGENCE

16. The above-mentioned acts of negligence on the part of Defendant were of such character as to make Defendant guilty of gross negligence. Defendant's acts of negligence when viewed objectively from the standpoint of Defendant, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference, or with reckless disregard for the safety and welfare of Plaintiff. The gross negligence of Defendant was a proximate cause of the incident and of the injuries and damages suffered by the Plaintiff. As a result of Defendant's gross negligence, Plaintiff seeks and is entitled to an award of exemplary damages.

## C. DAMAGES

17. As a result of the negligence, negligence per se, and/or gross negligence of Defendant, Plaintiff suffered serious bodily injury. Plaintiff incurred reasonable and necessary doctors' and medical expenses for necessary medical care. There is also a probability that Plaintiff will incur additional reasonable expenses for necessary medical care and attention in an amount unknown at this time. In addition, Plaintiff suffered severe physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner well into the future. As a proximate result of the negligence of Defendant, Plaintiff suffered injuries that have, temporarily or permanently, diminished Plaintiff's ability to administer to the needs of Plaintiff and Plaintiff's family. In all probability, the ability to attend to customary household duties will continue to be so impaired well into the future.

## EXEMPLARY DAMAGES

18. Plaintiffs' injuries resulted from defendants' gross negligence, which entitles plaintiffs to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a)

## RULE 193.7 NOTICE

19. Plaintiff, in accordance with Rule 193.7 Of the Texas Rules of Civil Procedure, files this Notice of Intention to Use Production Documents at Trial. Plaintiff hereby gives notice that she intends to use at trial, or any pre-trial proceedings, all documents produced by Defendants in response to discovery.

## REQUEST FOR DISCLOSURE

20. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 30 days of the service of this request, the information or material described in Rule 194.2 (a) through (1).

## JURY DEMAND

21. Plaintiff demands a trial by jury and includes the appropriate jury fee.

## CONDITIONS PRECEDENT

22. All conditions precedent have been performed or have occurred.

## PRAYER

WHEREFORE, Plaintiff prays that Defendant be cited to appear and answer, and on final trial Plaintiff has judgment against Defendants for Plaintiff's damages in an amount within the jurisdictional limits of the Court,

a. Actual medical bills, which are necessary and reasonable for these types of services in Dallas County, Texas; and for future medical attention in amounts unknown at this time;

b. Monetary damages for past physical pain and suffering and mental anguish found to be reasonable and just by the trier of fact;

c. Monetary damages for future physical pain and suffering and mental anguish as found to be reasonable and just by the trier of fact;

d. Physical and wage impairment as determined by the trier of fact;

e. Pre and post judgment interest at the maximum legal rate;

f. Cost of Court;

g. Punitive damages;

h. and for such other and further relief, at law or in equity, to which Plaintiff will be justly entitled.

Respectfully submitted,

/s/ *Kim T. Cole*
KIM T. COLE
Texas State Bar No. 24071024
K. COLE LAW, PLLC
11450 U.S. Highway 380
Suite 130-189
Cross Roads, Texas 76227
(214) 702-2551 (phone)
(214) 602-4352 (fax)
kcole@kcolelaw.com

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
11/25/2024
CT Log Number 547849562

## Service of Process Transmittal Summary

**TO:** Serviceof Process
CVS HEALTH COMPANIES
1 CVS DR MAIL CODE 1160
WOONSOCKET, RI 02895-6146

**RE:** **Process Served in Texas**

**FOR:** CVS Pharmacy, Inc. (Domestic State: RI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: LELANI RUSSELL // To: CVS Pharmacy, Inc. |
| **CASE #:** | DC2414660 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 11/25/2024 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/26/2024, Expected Purge Date: 12/01/2024<br><br>Image SOP<br><br>Email Notification, Serviceof Process service_of_process@cvs.com<br><br>Email Notification, Amy Lawrence cls-ctsopsupport@wolterskluwer.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CERTIFIED MAIL

1 NOV 2024 PM

US POSTAGE PITNEY BOWES

ZIP 75202 $ 016.34⁰
02 4W
0000384306 NOV. 21. 2024

SHO... FROM
DELIVERED, Date &
Addressee's
Address

Deliver to
Addressee
ONLY

75201-428499

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK
600 COMMERCE ST
DALLAS, TX 75202-4606

9214 8901 0661 5400 0201 3637 40

**RETURN RECEIPT (ELECTRONIC)**

**DC-24-14660 BF**

REGISTERED AGENT CT CORPORATION SYSTEM
CVS PHARMACY, INC
1999 BRYAN ST STE 900
**DALLAS, TX 75201-3140**

CUT / FOLD HERE

Zone 1

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

IMpbCertified8x5Label v2022.6.16.1

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**To: CVS PHARMACY, INC**
**REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3136**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **LELANI RUSSELL**

Filed in said Court **30th day of August, 2024** against

**CVS PHARMACY, INC**

For Suit, said suit being numbered **DC-24-14660,** the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 20th day of November, 2024**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By ________, Deputy
**BRITTANY FOREMAN**

**CERTIFIED MAIL**
## CITATION

**No.: DC-24-14660**

**LELANI RUSSELL**
**vs.**
**CVS PHARMACY, INC**

**ISSUED**
**on this the 20th day of November, 2024**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By BRITTANY FOREMAN, Deputy

**Attorney for Plaintiff**
KIM TE'NEE COLE
11450 US HWY 380 STE 130-189
CROSSROADS TX 76227
214-702-2551
kcole@kcolelaw.com

**DALLAS COUNTY**
**SERVICE FEES PAID**

# OFFICER'S RETURN

Cause No. DC-24-14660

Court No.: 160th District Court

Style: LELANI RUSSELL
vs.
CVS PHARMACY, INC

Came to hand on the ________________ day of ______________________, 20_________, at _________ o'clock _________.M. Executed at ______________________________________________, within the County of _______________________ at ___________ o'clock _______ .M. on the ______________ day of __________________________________, 20______________, by delivering to the within named

______________________________________________________________________________

______________________________________________________________________________

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _________ miles and my fees are as follows: To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_________ | | ___________________________________________ |
| For mileage | $_________ | | of_______________ County, __________________ |
| For Notary | $_________ | | By __________________________________ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said ______________________________ before me this ______ day of ________________________, 20______, to certify which witness my hand and seal of office.

____________________________________

Notary Public___________ County__________

FILED
10/24/2024 3:20 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angela Conejo DEPUTY

K COLE LAW

Kim T. Cole, J.D.
11450 U.S. Highway
Suite 130-189
Crossroads, TX 76227
kcole@kcolelaw.com
(p) 214-702-2551
(f) 972-947-3834
KCOLELAW.com

October 24, 2024

Clerk of Court
Dallas County District Court
160th District Court
600 Commerce Street,
Dallas, TX 75202

**RE: Cause No. DC-24-14660**
***Lelani Russell vs. CVS Pharmacy, Inc.***

**REQUEST FOR CLERK ISSUE CITATION**

Clerk of Court:

Please issue Citation and a copy of the Complaint in the above-styled matter to Defendant:

CVS Pharmacy, Inc.
c/o CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201-3136

Thank you,

Kim T. Cole, J.D.